(67 N. W. Rep. 147.)

---

HARRIET E. FOLSOM *vs.* JOSEPHINE S. KILBOURNE, *et al.*

Opinion filed April 21st, 1896.

**Usury—What Constitutes—Failure to State Rate of Interest Separately.**

> Where in the notes given for a loan of money and the mortgage securing the same, the rate per cent. of interest agreed to be paid for such loan is not separately stated, such fact alone will not make the transaction usurious and void, under § 4, Ch. 184, Laws N. D. 1890. Nor can a court declare such notes and mortgage void for that reason, under the provisions of section 10 of said statute, as said section was not intended to create any new penalty, or to make any contract void that was not declared usurious by the other sections in the act.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by Harriet E. Folsom against Josephine S. Kilbourne and Edward S. Kilbourne. From an order sustaining a demurrer to the answer, defendants appeal.

Affirmed.

*Edward Engerud* and *T. A. Curtis,* for appellants.

*John D. Farrand* and *Newman, Spalding & Phelps,* for respondent.

BARTHOLOMEW, J. This is an appeal from an order sustaining a demurrer to an answer, and we are all agreed that the order should be affirmed. Plaintiff brings an action of foreclosure, and declares as an indorsee of a promissory note executed by defendants in favor of the Fargo Loan Agency on November 1, 1892,

and due in five years from date, for the sum of $600, with interest at 7 per cent. per annum, and exchange on New York; interest payable annually. This note was secured by a mortgage on real estate which provided that in case of default. in the payment of interest the holder might declare the whole amount due and payable. The provision in the note for exchange on New York renders the note non-negotiable, under the decision of a majority of this court in *Flagg* v. *School Dist.*, 4 N. D. 30, 58 N. W. 499. The answer admits the execution of the note and mortgage, but seeks to set up a defense under chapter 184, Laws 1890, in force when the loan was made. The substance of the defense is contained in the allegations that on the date of the note defendants applied to the Fargo Loan Agency for a loan of $600 for a term of five years, with interest at the rate of 10 per cent. per annum, the loan to be secured by a mortgage on the real estate described in the complaint; that the Fargo Loan Agency accepted the application, and agreed to make the loan, but instead of making the loan in accordance with the agreement, said agency made the loan of $600 for five years, with interest at the rate of 7 per cent. per annum, as evidenced by certain coupon notes attached to the principal note, and required the same to be secured by mortgage, and at the same time required defendant to execute to it five separate notes for the sum of $18 each, due in one, two, three, four, and five years from date, with interest at the rate of 12 per cent. per annum after maturity, and required said last notes to be secured by a separate and second mortgage upon the same premises, which said mortgage recited that the consideration for said notes consisted of services performed by said Fargo Loan Agency for defendants, which said recital was false, and said notes in fact represented 3 per cent. per annum interest upon the amount of said loan. Defendants asked that plaintiff take nothing by the action, and that the note and mortgage declared upon be canceled and discharged. The demurrer was upon the ground that the answer did not state a defense or counterclaim to the cause of action stated in the complaint. Section 4, Ch. 184, Laws

N. D. 1890, reads: "In all written contracts for the loan of
money the exact amount agreed upon to be received for the use,
by the borrower, shall be stated in the contract, and separately
therefrom, the rate per cent. thereon of interest contracted to be
charged, and if in any contract, either verbal or written, for the
loan of money, the borrower receives a less sum than the principal
sum so agreed upon and contracted to be loaned to and received
by the borrower, the said contract shall be deemed to be usurious
except as otherwise herein provided." Section 10 of the same
act reads: "Whenever it shall satisfactorily appear to a court
that any bond, bill, note, assurance, pledge, mortgage, contract,
security, or other evidence of debt has been received in violation
of the provisions of this act, the court shall declare the same to
be void, and enjoin any proceedings thereon, and shall order the
same to be canceled and delivered up." The answer was based
upon these statutory provisions, and it is urged in its support that
all of the documents as set forth in the answer were executed at
one and the same time, and must be construed together as consti-
tuting the transaction between the parties; and when so construed
they do not state the amount to be received by the borrower,
"and separately therefrom the rate per cent. thereon of interest
contracted to be charged." In other words, the original contract
was for 10 per cent. interest, while the papers as executed
express but 7 per cent. interest and 3 per cent. for services
rendered. This is claimed to be a violation of section 4, above
quoted, and that, therefore, under section 10, it was the duty of
the court to declare the note and mortgage void, and order their
cancellation. This contention is not satisfactory to this court,
and for the following reasons: An analysis of section 4 shows it
to consist of two principal provisions. The first covers the cases
where the contract fails to separately and correctly state the rate
of interest as agreed upon. Such is the case under consideration.
A violation of this provision is not followed by any penalty or
forfeiture, so far as section 4 is concerned. The second principal
provision in the section covers the cases where some part of the

principal is retained, and the borrower does not receive the full sum for which he contracted. A violation of this provision is declared by the section to be usurious, except as otherwise provided in the act. (The exceptions contained in the statute in no manner affect this case.) This whole statute is exceedingly harsh. It involves forfeiture of all money loaned, and creates liabilities for taking usury that are severe in the extreme. We ought not to extend it, and never have intentionally extended it, beyond its strict letter. In the case of *Trust Co.* v. *Whithed*, 2 N. D. 82, 49 N. W. 318, the writer hereof used some language on page 91, 2 N. D., and page 318, 49 N. W., that should be limited. The case there under consideration was a clear violation of the second provision of said section 4. But the language used clearly denounces the penalty of usury for a violation of either provision. It was used without a critical examination of the section, and should have been limited to the provision violated in that case. But it is urged that the penalty for the violation of the first principal provision of said section 4 is to be found in section 10, and that under the latter section the violation here pleaded renders the contract void. We do not think section 10 was intended to declare any contract void that the statute had not previously declared to be usurious. Should we hold that it was the intention of the legislature by said section 10 to enable courts to declare contracts void that were not by the law made usurious, then said section 10 would be unconstitutional, as embodying a subject not included in the title of the act, which is as follows: "An act defining usury and the penalties for taking the same." If section 10 simply adds the penalty of cancellation to an usurious contract, it is clearly within the title; but if it enables a court to declare void a nonusurious contract, it is as clearly not within the title. It is our duty to give it a construction that will not render it unconstitutional if we are in any doubt. And indeed, we think section 10 has another and definite purpose. Under that section a party who has been induced to execute paper which the law declares usurious may go into a court of equity,

and ask to have such paper declared void and canceled, without paying or tendering the amount equitably due. Without such section, as a condition to obtaining such relief, he would be required to do equity; or, in other words, to pay the amount of his debt, with legal interest. The value of the section, if this be its object, cannot be doubted. In *Scott* v. *Austin*, reported in 32 N. W. 89, and again at page 864, the Supreme Court of Minnesota construed a similar section in their usury law (of which ours is, in effect, a copy,) and reached the conclusion, after reargument and careful consideration, that the section gave a right of action in equity to cancel an usurious instrument without paying or offering to pay the amount equitably due with legal interest thereon. We are clear that such was the purpose of the section as used in our statute.

The order of the District Court is affirmed. All concur.